UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Kevin Lee Ross

    v.    Case No. 24-cv-15-SJM

Andrew McCormack, et al.

## REPORT AND RECOMMENDATION

Plaintiff Kevin Lee Ross, appearing pro se, is currently confined in the Somerset County Jail.  He filed a complaint (Doc. No. 1) naming as defendants various local, state, and federal law enforcement officers and prosecutors.  The complaint is before the undersigned Magistrate Judge for preliminary review.  See 28 U.S.C. § 1915A(a) (subjecting complaints to preliminary review "as soon as practicable after docketing" where plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity.").  For the reasons that follow, the District Judge should dismiss the complaint.

### Preliminary Review Standard

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.  See 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim . . .; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir.

2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" Rodríguez–Reyes v. Molina–Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 569 n. 14).

## Discussion

Mr. Ross asserts the following claims: violations of various Constitutional amendments; "access to courts; unreasonable search and seizure; failure to disclose exculpatory information; suppression of evidence; intentionally lying to obtain a warrant; false arrest; false imprisonment; right to fair trial; conspiracy to interfere with civil rights and neglect to prevent; unconstitutional statute according to commerce clause." He seeks declaratory and monetary relief. Compl. (Doc. No. 1) at 3. The defendants are federal prosecutor Andrew McCormack, Belfast Police Officer M.J. McFadden, Postal Inspector Scott Kelley, unknown Maine State Police officers, the Bangor, Maine, federal prosecutor's office, and other "unknown persons." Id.

Mr. Ross' complaint consists of only the conclusory legal statements listed above, unsupported by any facts to support them. The asserted claims lack any "who, what, where, when and why" information as to each of these causes of action. See Brown v. Forensic Health Servs., Inc., No. CIV.A. 13-13078-RGS, 2013 WL 6814852, at *3 (D. Mass. Dec. 23, 2013).

"Though . . . pro se complaints are to be read generously, allegations . . . must nevertheless be supported by material facts, not merely conclusory statements." Ross v. Bangor Sav. Bank, No. 1:24-CV-00021-NT, 2024 WL 808811, at *2 (D. Me. Feb. 27, 2024) (quoting Slotnick v.

Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted)).  The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." Young v. Wells Fargo, N.A., 717 F.3d 224, 231 (1st Cir. 2013); see also Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").  The pleading rules "demand[] more than an unadorned, "the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

Mr. Ross' complaint satisfies none of these criteria.  Accordingly, dismissal is warranted because he has not alleged any facts that would support a plausible claim against any of the defendants.  See Fed. R. Civ. P. 12(b)(6).

Dismissal of claims against defendant McCormack is also appropriate because, subject to exceptions not present here, "a prosecutor is entitled to immunity against civil liability for the decision whether to initiate a prosecution and for actions taken in presenting the case against the defendant."  Larsen v. Maine, No. 1:20-CV-00450-JDL, 2021 WL 1394461, at *3–4 (D. Me. Apr. 13, 2021), report and recommendation adopted, 2021 WL 1996394 (D. Me. May 18, 2021), aff'd, No. 21-1422, 2022 WL 1714568 (1st Cir. Mar. 21, 2022) (citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)).

## Conclusion

Based on the foregoing, the district judge should dismiss the complaint.  If the district judge adopts this recommendation, all pending motions should be denied as moot.  See Mot. to Transfer Case (Doc. No. 13); Mot. to Appoint Counsel (Doc. No. 3); Mot. for Injunction (Doc. No. 14).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

March 15, 2024

cc:    Kevin Lee Ross, pro se