UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Kevin Lee Ross

      v.                                                                         Case No. 24-cv-015-SJM

Prosecutor Andrew McCormack, et al.[1]

## REPORT AND RECOMMENDATION

In this case, self-represented plaintiff Kevin Lee Ross, while he was incarcerated in the Somerset County Jail in Madison, Maine,[2] filed a Complaint (Doc. No. 1) and Complaint Addenda (Doc. Nos. 13, 17[3]),[4] asserting that state and federal officials violated his rights under the United States Constitution. The Complaint is before the undersigned magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915A(a). For the reasons explained below, the Court recommends that the district judge dismiss the Complaint in its entirety.

## STANDARD OF REVIEW

The court conducts preliminary review of a prisoner's complaint pursuant to 28 U.S.C. § 1915A(a). At preliminary review, the court takes as true the factual content in the complaint and

---

[1] In his Complaint (Doc. No. 1) and Complaint Addenda (Doc. Nos. 13, 17), Mr. Ross identifies the following individuals as defendants to this action: Prosecutor Andrew McCormack; Belfast Police Officer Michael James McFadden; Postal Inspector Scott Kelley; unknown individuals at the federal prosecutor's office in Bangor, Maine; and unknown Maine State Police officers.

[2] Mr. Ross is now incarcerated at the Federal Correctional Institution in Danbury, Connecticut.

[3] The Complaint Addendum docketed as Document No. 17 was filed and docketed a second time, as Document No. 25.

[4] The court construes the initial Complaint (Doc. No. 1) and the Complaint Addenda (Doc. Nos. 13, 17), together, to be the Complaint in this case for all purposes.

favorable inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the plaintiff has stated a claim upon which relief may be granted. See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")). Because Mr. Ross is representing himself in this matter, the court construes his Complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the assertions in the Complaint fail to state a claim upon which relief can be granted, or the claims asserted are frivolous or malicious. See 28 U.S.C. § 1915A(b).

## BACKGROUND

In July 2011, Special Agent Michael James McFadden[5] and Postal Inspector Scott Kelley applied for and obtained a warrant to search Mr. Ross's residence. See Doc. No. 13-3, at 3-6, 11-14. One or more computers and digital storage devices were seized during the search executed pursuant to that warrant. A search of Mr. Ross's computer revealed a number of child pornography images. The government charged Mr. Ross, in a one-count indictment, with "knowingly possess[ing] material that contained an image of child pornography," in a manner using or affecting interstate commerce. Indictment, United States v. Ross, Crim. Case No. 1:13-cr-158-LEW (Sept. 18, 2013) ("2013 Criminal Case") (ECF No. 1). Assistant United States Attorney ("AUSA") Andrew McCormack prosecuted the 2013Criminal Case on behalf of the United States.

---

[5] According to a July 2011 affidavit Special Agent McFadden prepared in support of his request for a search warrant, he was, at that time, a "Special Agent assigned to the Maine State Police Computer Crimes Unit." Doc. No. 13-3, at 6.

On October 21, 2014, a jury found Mr. Ross guilty of the sole count of the indictment. See 2013 Crim. Case (ECF No. 78). On April 2, 2015, the trial court sentenced Mr. Ross to serve ninety months in federal prison, followed by five years of supervised release. See id. (ECF No. 95). The First Circuit Court of Appeals affirmed his conviction. See United States v. Ross, 837 F.3d 85, 91 (1st Cir. 2016). The Supreme Court denied Mr. Ross's petition for a writ of certiorari. See Ross v. United States, 137 S. Ct. 485, 486 (2016) (Mem.).

Mr. Ross was released from incarceration and commenced his term of supervised release on or about April 8, 2021. See Apr. 25, 2022, Prob. Officer's Req. for Compliance Hr'g, 2013 Crim. Case (ECF No. 121, at 1). At that time, a United States Probation Officer met with Mr. Ross and provided him with "a copy of the conditions of supervision," and "discussed the expectations of conduct while on supervision." Id. On October 3, 2024, after a supervised release revocation hearing, the court found that Mr. Ross violated several conditions of his supervised release, revoked his supervised release, and sentenced Mr. Ross to serve twenty-four months in prison for those violations. See id. (ECF No. 162).

Mr. Ross challenges the validity of his conviction in the 2013 Criminal Case, and asserts that AUSA McCormack engaged in prosecutorial misconduct. Mr. Ross states that prior to his child pornography trial, he called the United States Attorney's office in Bangor, Maine, where the criminal case was pending, and spoke to an unidentified woman in that office "about the [zero] internet activity the day of the last warrant[']s exicution [sic] Aug. 10." Doc. No. 13-1, at 7. Mr. Ross asserts that, therefore, "they[,] or at least she[,] knew about that and did nothing." Id. Mr. Ross asserts that by making that call to the United States Attorney's office, he proved to AUSA McCormack that there was no "internet activity on the account [defendants] said was downloading to get this warrant," and that therefore the prosecution improperly pursued the criminal case against

3

him Id. at 18.  Mr. Ross also states that to hide the fact that he did not have internet activity on the account he was accused of using to download child pornography from the internet, AUSA McCormack "intentionally waited over 2 years to prosecute [sic] knowing that the internet provider holds their records for only 2 years." Id.  Mr. Ross concludes, therefore, that in the 2013 Criminal Case, the indictment, prosecution, conviction, and sentence, were based on lies, were improper, and were developed as part of a conspiracy, by AUSA McCormack, Special Agent McFadden, Inspector Kelley, and others.  See id. at 16.

## CLAIMS

Liberally construing the Complaint, the court finds that Mr. Ross asserts the following claims for relief in this action:

1. Defendants violated Mr. Ross's Fourth Amendment right to be free from unreasonable search and seizure, and subjected him to false arrest and false imprisonment, by using false information to obtain two search warrants of Mr. Ross's residence.

2. Defendants violated Mr. Ross's Fifth and Fourteenth Amendment right to due process and Sixth Amendment right to a fair trial, and engaged in prosecutorial misconduct, by withholding exculpatory information from Mr. Ross in the Criminal Case.

3. Defendants violated Mr. Ross's Fifth and Fourteenth Amendment right to due process, by relying on false information contained in a presentence investigation report in his criminal sentencing and/or in relation to his supervised release violation.

4. Defendants violated Mr. Ross's Eighth Amendment right not to be subject to cruel and unusual punishment by incarcerating him for being an addict.

5. Defendants violated Mr. Ross's Fifth and Fourteenth Amendment due process right, and Eighth Amendment right not to be subject to cruel and unusual punishment, by subjecting him to an unconstitutional condition of supervised

      release requiring that he forego the legal and medicinal use of marijuana, and by incarcerating him for that conduct.

6. The federal criminal statute Mr. Ross was found guilty of violating is unconstitutional, as Congress exceeded its authority under the Commerce Clause by creating a federal crime for possessing child pornography in a manner that does not impact interstate or international commerce.

7. Defendants conspired to interfere with Mr. Ross's federal constitutional rights, as set forth in the claims identified above as Claims 1-6, and are therefore liable to Mr. Ross under 42 U.S.C. § 1985.

8. Each defendant failed to prevent a conspiracy to violate Mr. Ross's federal constitutional rights, as asserted in Claim 7, and are therefore liable to Mr. Ross under 42 U.S.C. § 1986.

9. Defendants violated Mr. Ross's First Amendment right to access the courts.

As relief for the above-listed claims, Mr. Ross seeks a declaratory judgment stating that his sentence is null and void, and vacating that sentence. Mr. Ross also seeks damages.

## DISCUSSION

### *Claims Challenging Criminal and Supervised Release Proceedings*

In the claims identified in this Report and Recommendation as Claims 1-6, Mr. Ross challenges proceedings in both the 2013 Criminal Case and the later violation of the supervised release imposed in the 2013 Criminal Case. "Plaintiffs are generally barred from litigating claims for damages that would necessarily imply the invalidity of a judgment of conviction and a sentence unless the judgment and sentence have been previously invalidated." Violette v. Baker, No. 2:19-CV-479-PJB, 2020 U.S. Dist. LEXIS 235427, at *4, 2020 WL 7356608, at *2 (D. Me. Dec. 15, 2020) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)), R&R approved, 2021 U.S. Dist. LEXIS 43221 (D. Me. Mar. 8, 2021); see also Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008) (Heck rule applies to challenges to federal convictions asserted against federal officials); Hutchins v. Me. State Hous., No. 1:14-cv-00491-JAW, 2015 U.S. Dist. LEXIS 50428, at *13, 2015 WL

2250672, at *4 (D. Me. Apr. 16, 2015) (Heck rule applied to claims concerning validity of order revoking plaintiff's supervised release in federal criminal case), R&R approved, 2015 U.S. Dist. LEXIS 62492, at *1, 2015 WL 2250672, at *1 (D. Me. May 13, 2015).

Claims 1-6 all directly or impliedly challenge the validity of Mr. Ross's 2013 Criminal Case and the related supervised release violation. Accordingly, to the extent Mr. Ross seeks damages for those claims, the district judge should dismiss Claims 1-6.[6] Further, to the extent Mr. Ross seeks a declaratory judgment, in the form of a statement by this court undermining the validity of his criminal conviction, violation of supervised release proceedings, or his sentence imposed in either proceeding, and directing his immediate release from incarceration, such claims "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas.'" Trump v. J. G. G., 145 S. Ct. 1003, 1005 (2025) (citations omitted). Accordingly, the district judge should dismiss Mr. Ross's claims for declaratory judgment.[7]

---

[6] If the district judge accepts the undersigned magistrate judge's recommendation that Mr. Ross's claims be dismissed under the Heck rule, that dismissal should be without prejudice to his ability to bring those claims in the future should the criminal and supervised release proceedings underlying those claims ever be invalidated by a successful appeal or habeas corpus action.

[7] To the extent Mr. Ross seeks release from incarceration, as noted above, Mr. Ross is not presently incarcerated pursuant to either his 2013 Criminal Case or for a violation of the conditions of the supervised release imposed in that case. When Mr. Ross filed this action, he had completed the incarcerative portion of his sentence in the 2013 Criminal Case, and was serving a twenty-four-month sentence for violating his supervised release. That sentence is also complete. Mr. Ross is currently serving a 121-month prison term for a 2024 conviction for possessing child pornography after having been previously convicted of possessing child pornography. See United States v. Ross, No. 1:23-cr-073-LEW (D. Me.) ("2023 Criminal Case"). Mr. Ross states that the conviction underlying his current sentence is based on "exactly the same photos and videos" used to convict him in the 2013 Criminal Case. Assuming, without deciding, the truth of that assertion, and that Mr. Ross intends to challenge the validity of the 2023 Criminal Case in this action, the reasoning underlying Violette and Heck also applies to bar such a challenge.

*Conspiracy*

In the claims identified above as Claims 7 and 8, Mr. Ross alleges that defendants are engaged in a conspiracy to incarcerate drug-addicted people and then to add to their sentences by subjecting them to drug tests when they are released from incarceration on supervised release, and then sending them back to prison for positive drug tests. He implies that there is financial motive to keep addicts in a cycle of incarceration, and that defendants here could interrupt the cycle, but choose not to. Stripped of conclusory allegations, Mr. Ross has not stated any facts which would support any claim arising out of these allegations against any defendants. Accordingly, the district judge should therefore dismiss Claims 7 and 8 from this action.

*Denial of Access to the Courts*

In the claim summarized in this R&R as Claim 9, Mr. Ross asserts that he was denied access to the court. Mr. Ross does not assert any specific facts to support that claim. An unsupported allegation of a violation of a constitutional right is insufficient to state a claim upon which relief might be granted. See Iqbal, 566 U.S. at 678 ("'naked assertion[s]' devoid of 'further factual enhancement'" insufficient to state a claim) (citation omitted)). Accordingly, the district judge should dismiss Claim 9.

**CONCLUSION**

For the foregoing reasons, the district judge should dismiss this action in its entirety. Claims 1-6 should be dismissed without prejudice to Mr. Ross's ability to assert those claims in a new action should the criminal and supervised release violation proceedings Mr. Ross challenges here should the conviction or sentence in those matters be invalidated in the future.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

/s/ Talesha L. Saint-Marc
Talesha L. Saint-Marc
United States Magistrate Judge

June 24, 2025

cc:   Kevin Lee Ross, pro se